IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                          )
                                                )
JAMES A. FORESEE and         )   Case No. 11-60155
KATHY E. FORESEE,              )
                                                )
        Debtor.                          )

## ORDER GRANTING, IN PART, TRUSTEE'S MOTION TO DENY CONFIRMATION OF PLAN

The Chapter 13 Trustee filed a Motion to Deny Confirmation of the Debtors' Chapter 13 Plan on the ground that it did not account for non-exempt equity in accounts jointly held by Debtor Kathy E. Foresee with her brother and mother, in violation of 11 U.S.C. § 1325(a)(4). This is a core proceeding under 28 U.S.C. § 157(b)(2) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1), because plan confirmation arises under the Bankruptcy Code and arises in bankruptcy cases.[1] For the reasons that follow, the Trustee's Motion to Deny Confirmation will be GRANTED, in part.

The Debtors filed this Chapter 13 case on January 28, 2011. Their amended Schedule B lists five assets at issue here. Each of the disputed assets lists Debtor Kathy Foresee as an owner, along with her brother, Richard Nicodemus, and mother, Maxine Nicodemus. There is no dispute that the mother, Maxine, contributed all of

---

[1] *See also Stern v. Marshall*, ___ U.S. ____, 131 S.Ct. 2594 (2011); 11 U.S.C. § 1325.

the funds to purchase each of the disputed assets, and that the purpose of adding Kathy and Richard's names to the assets was to allow them access to the funds during Maxine's lifetime for her care, and then to have the assets pass to Kathy and Richard upon Maxine's death. Specifically, the Debtors list:

(1) an Edward Jones Certificate of Deposit valued at $37,913.36, jointly titled in the names of Maxine, Kathy, and Richard;

(2) an Edward Jones mutual fund valued on the date of filing at $13,688.28, jointly titled in the names of Kathy and Richard;

(3) AT&T stock, valued at $7,159.83, jointly titled in the names of Kathy and Richard;

(4) Deere & Company stock, valued at $190.58, jointly titled in the names of Kathy and Richard; and

(5) Empire District Electric Company stock, valued at $6,432.28, jointly titled in the names of Kathy and Richard.

The Trustee asserts that, based on his liquidation analysis, which includes Kathy's share of these scheduled assets, the Debtors have non-exempt equity of $36,610.15 which must be paid to their non-priority unsecured creditors.

Section 1325(a)(4) of the Bankruptcy Code requires that a Chapter 13 plan provide that "the value, as of the effective date of the plan, of property to be

distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."[2]  Section 541 of the Bankruptcy Code provides that the bankruptcy estate is comprised of all property in which the debtors have a legal or equitable interest.[3]  Section 541 is very broad and includes property held jointly by a debtor and a nondebtor.[4]  The nature and extent of a debtor's interest in property, however, is determined by non-bankruptcy state law.[5]

We start with the Edward Jones Certificate of Deposit, which is jointly titled in the names of Maxine, Kathy, and Richard, and which was the sole focus of the Debtors' argument in their post-hearing brief.  The gist of the Debtors's argument is that the Court should treat the CD as an "account."  That is because, although Missouri law applies a presumption that the interests of joint tenants in accounts and deposits are presumed to be equal, that presumption is rebuttable by evidence of disproportionate contributions and intent.[6]

---

[2]  11 U.S.C. § 1325(a)(4).

[3]  11 U.S.C. § 541(a)(1).

[4]  *Sosne v. Gant (In re Gant)*, 178 B.R. 169, 172 (Bankr. E.D. Mo. 1995) (citing *In re Garner,* 952 F.2d 232 (8th Cir. 1991)).

[5]  *Combs v. Rubin*, 101 B.R. 590, 592 (W.D. Mo. 1989);  *In re Gant*, 178 B.R. at 172.

[6]  *Auffert v. Auffert*, 829 S.W.2d 95, 97 (Mo. Ct. App. 1992), *disagreed with on other grounds*, *Maudlin v. Lang*, 867 S.W.2d 514, 516 (Mo. 1993) (disagreeing with the *Auffert* court

As relevant here, § 362.470 of the Missouri Statutes provides:

> When a deposit is made by any person in the name of the depositor and any one or more other persons . . . as joint tenants or in form to be paid to any one or more of them, or the survivor or survivors of them . . . , the deposit thereupon and any additions thereto made by any of these persons, upon the making thereof, shall become the property of these persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to any one of such persons during his lifetime, or to any one of the survivors of them after the death of any one or more of them. The making of a deposit in such form, and the making of additions thereto, in the absence of fraud or undue influence, shall be conclusive evidence in any action or proceeding to which either the bank or trust company or any survivor is a party of the intention of all the parties to the account to vest title to the account and the additions thereto and all interest thereon in the survivor. . . .[7]

The Missouri courts have treated Certificates of Deposit as "deposits" to which § 362.470 and its presumptions, discussed more fully below, apply.[8] Although no evidence of the form of title on the Edward Jones CD was presented at the hearing on the Trustee's Motion, it would appear, based on the Debtors' representations, that

---

regarding the language needed to create a joint tenancy with right of survivorship under the statute). *See also Blue Valley Fed. Sav. & Loan Assoc. v. Burrus*, 637 S.W.2d 737, 743 (Mo. Ct. App. 1982). Note that *Auffert v. Auffert*, 829 S.W.2d 95, interpreted § 362.470, relating to deposits with banks and trust companies, whereas *Blue Valley Fed. Sav. & Loan Assoc. v. Burrus*, 637 S.W.2d 737, interpreted § 369.174, relating to accounts under the "Savings and Loan Law"). Because the language of § 362.470.1 (banks) and § 369.174.1 (savings and loans) are nearly identical, the Missouri Supreme Court has said that courts should interpret the two statutes similarly. *Maudlin v. Lang*, 867 S.W.2d 514, 516 (Mo. 1993).

[7] Mo. Rev. Stat. § 362.470.1.

[8] *See, e.g., Auffert v. Auffert*, 829 S.W.2d 95; *Bank of Washington v. Koester*, 939 S.W.2d 464 (Mo. Ct. App. 1996).

4

Maxine maintains the CD as joint tenants with right of survivorship with Kathy and Richard, such that the statute applies.[9]

> Missouri courts have interpreted the effect of this statute as follows:
>
> Maintenance of an account or deposit in the statutory form is conclusive evidence, absent proof of fraud or undue influence, that the deposit is the property of the joint tenants and that title passes to the survivors. As between two surviving joint tenants following the death of the third, evidence of the intent of the parties when the deposit was established is irrelevant and cannot be used to divest one of the survivors of ownership. The irrebuttable presumption controls in spite of a depositor's mistake regarding the legal effect of the establishment of a statutory joint tenancy.[10]

It is important to note here that the *irrebuttable* presumption of ownership in the surviving owner(s) is limited to apply only following the *death* of one of the owners.[11] During the parties' lifetimes, "the real intention of the parties and the purpose and

---

[9] "The governing statutes create three routes to a joint tenancy with right of survivorship: 1) describing the named persons as 'joint tenants'; 2) making the deposit 'in a form to be paid to any one or more of the [named persons]'; or 3) making the deposit 'in a form to be paid to . . . the survivor or survivors.'" *Mauldin v. Lang*, 867 S.W.2d 514, 516 (Mo. 1993). If the deposit does not comply with one of these three methods, ownership is determined by the language of the deposit documents. *Id.* at 517. If the documents are ambiguous, "then, and only then, evidence of the intent of the depositor is relevant, and controls the disposition of the deposit." *Id.*

[10] *Auffert v. Auffert*, 829 S.W.2d 95, 97 (Mo. Ct. App. 1992) (citing *Blue Valley Fed. Sav. & Loan Assoc. v. Burrus*, 637 S.W.2d 737, 743 (Mo. Ct. App. 1982); *Peters v. Carr*, 654 S.W.2d 317, 322 (Mo. Ct. App. 1983); *Estate of Hysinger v. Heeney*, 785 S.W.2d 619, 626 (Mo. Ct. App. 1990), disagreed with on other grounds, *Maudlin v. Lang*, 867 S.W.2d 514, 516 (Mo. 1993) (disagreeing with the *Auffert* court regarding the language needed to create a joint tenancy with right of survivorship under the statute).

[11] *Peters v. Carr*, 654 S.W.2d 317, 321 (Mo. Ct. App. 1983).

nature of the account may be shown to determine the interest each has in the account, thus subjecting the one who has deposited none of the funds to accountability and liability."[12]

> The creation of a joint bank account in the statutory form raises a rebuttable presumption that the co-owners share equally in the ownership of the funds on deposit. The presumption of equal ownership will prevail as to the joint tenants with the burden on the party claiming otherwise to supply proof that a different proportion should apply. As to the respective interests of the survivors, evidence of disproportionate contributions is relevant and can be shown to overcome the presumption of equal interests between joint tenants.[13]

In other words, so long as all of the co-owners are alive, there is a rebuttable presumption of equal ownership, which presumption can be overcome by evidence of intent or disproportionate contributions. When one of the co-tenants dies, there is an irrebuttable presumption that title passes to the survivors. Where neither survivor contributed any funds to the deposit or account, there is an irrebuttable presumption that they share equally. Where one or more of the survivors contributed to the deposit or account, the presumption of equal ownership can be rebutted by evidence of disproportionate contributions.

Here, the establishment of the CD in the names of Maxine, Kathy, and Richard

---

[12] *Id*. at 322 (citing *Carroll v. Hahn*, 498 S.W.2d 602, 607 (Mo. Ct. App. 1973)).

[13] *Auffert v. Auffert*, 829 S.W.2d at 97-98 (citing *Blue Valley v. Burrus*, 637 S.W.2d at 743; *Peters v. Carr*, 654 S.W.2d at 322).

as joint tenants with right of survivorship created a rebuttable presumption that they share equally in the ownership of the funds on deposit. However, since Maxine is still alive, her intent and proportionate contributions are relevant.

As stated, the Trustee does not dispute that Maxine contributed all of the funds for the purchase of the CD, or that she intended those funds be used for her care rather than making a present gift to her children. Consequently, I find that Maxine's proportionate share of the CD is 100%. As a result, none of the funds represented by the CD should be included in the Debtors' hypothetical Chapter 7 liquidation.

As to the Edward Jones mutual fund and the stocks, the Debtors appear to concede that only Kathy and Richard are identified as owners – Maxine is not identified as a co-owner on those assets. The Debtors have not asked for the imposition of an equitable trust as to these assets.[14] That being the case, although I found no Missouri law specifically relating to proportionate ownership of mutual funds and stocks, as was the case with the CD, it follows that, absent some other

---

[14] I have previously said that, from an equitable standpoint, such as for the purpose of imposing an equitable trust, if parents intended for their children to own the property for one purpose, such as to avoid probate, they should not be permitted to later say, when it benefits them, that their children do not own it at all. *See In re McGehee*, 342 B.R. 587, 592-3 (Bankr. W.D. Mo. 2006) (finding no injustice in declining to impose an implied trust where the parents titled an account in the daughter-debtor's name to avoid Medicaid from getting it); *Nelson v. Killman (In re Killman*, 2010 B.R. 743685 (Bankr. W.D. Mo. Feb. 26, 2010) (holding that if the mother intended for her daughters to own the property to avoid probate, she should not later be able to say, when there are unanticipated consequences, that the daughters do not own it at all; when a parent gives property to their children, they run a risk).

designation on the mutual fund and stocks, a similar presumption of equal ownership should apply, as between Kathy and Richard, neither of whom contributed any funds to purchase those assets. Consequently, I find that Kathy and Richard are presumed to have equal ownership interests in them.

Consequently, a hypothetical Chapter 7 liquidation of the Debtors' estate would include the value of one-half of the Edward Jones mutual fund and the stocks and, therefore, their Plan must account for that value, or $13,735.48, in order to satisfy § 1325(a)(4) of the Bankruptcy Code. To the extent that it does not, the Chapter 13 Trustee's Motion to Deny Confirmation of the Plan is GRANTED.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 8/4/2011

Attorney for movant to serve parties not receiving electronic notice